John L. DIAL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. H–84–2555.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 15, 1984.

John L. Dial, pro se.

Louise P. Hytken, Joe A. Pitzinger, III, Attys., Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

MEMORANDUM AND ORDER:

NORMAN W. BLACK, District Judge.

Came on to be heard the petition of Plaintiff John L. Dial to quash four (4) Internal Revenue summonses issued ·to third-party recordkeepers on the ground that his Fifth Amendment privilege against self-incrimination protects him from being compelled to produce the records sought. The United States has moved to dismiss the petition based on a lack of subject matter jurisdiction of the Court over three (3) of the four (4) summonses and failure to state a claim upon which relief can be granted in

regards to Plaintiff's Fifth Amendment allegations. The United States is also seeking the enforcement of the summons over which the Court allegedly has subject matter jurisdiction.

The Internal Revenue Service (IRS) is reviewing Plaintiff's income tax liability for the years 1980 through 1983. As part of this examination, four (4) summonses were issued on May 23, 1984, June 18, 1984, and July 18, 1984, respectively, to third-party recordkeepers. Three (3) of the summonses were issued to financial institutions in San Antonio, Texas: Kelly Field National Bank, Travis Savings and Loan Association, and the Government Employees Credit Union. One (1) summons was issued to First National Bank of Alvin in Alvin, Texas. All summonses seek typical bank records such as deposit slips, signature cards, loan applications, and photocopies of cancelled checks deposited into Plaintiff's account.

Plaintiff seeks to quash the IRS summonses under 26 U.S.C. § 7609(b)(2). However, 26 U.S.C. § 7609(h)(1) provides that "the United States District Court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2) ..." Three of the four persons summoned reside in San Antonio, Texas. The Court notes that San Antonio, Texas is located in the Western District of Texas. *See* 28 U.S.C. § 124(d).

No suit may be maintained against the United States in any court except when and where the sovereign has consented to suit. *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 141–142, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972); *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). When Congress consents to suit, it can define the conditions for bringing suit and such limitations should be strictly enforced. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

The United States has consented to jurisdiction in this case in the Western District of Texas. This Court is in the Southern District of Texas and lacks subject matter jurisdiction over the three (3) summonses issued to San Antonio financial institutions. *Smith v. United States*, 84–1 U.S.T.C. para. 9504 (M.D.Pa.1984); *Cook v. United States*, 84–1 U.S.T.C. para. 9436 (S.D.Miss. 1984).

The Court does have subject matter jurisdiction over the IRS summons issued to the First National Bank in Alvin, Texas. The United States has made out a prima facie case for enforcement. *United States v. Powell*, 379 U.S. 48, 56–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). The IRS issued the summonses as part of a good faith inquiry undertaken to further the goals of 26 U.S.C. § 7602. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). Plaintiff has not shown that enforcement of the summonses would be an abuse of the judicial process or otherwise improper. *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir.1981).

Plaintiff's reliance on the Fifth Amendment is misplaced. Plaintiff's Fifth Amendment claim lacks substance where it is the bank, not the depositor, who has actual possession of the records sought by the IRS. The Fifth Amendment does not protect the Plaintiff from incriminating himself, only from being *compelled* to do so. This Court is of the opinion that the Fifth Amendment does not prevent the production of financial records where the Plaintiff has not been forced to divulge such information in response to a summons. *See United States v. Jones*, 630 F.2d 1073, 1079 (5th Cir.1980); *United States v. Kashmir*, 499 F.2d 444, 447 (5th Cir.1974); *United States v. White*, 477 F.2d 757, 762 (5th Cir.1973). It is therefore,

ORDERED, ADJUDGED and DECREED that Plaintiff's petition to quash is DENIED. Defendant's motion to dismiss is GRANTED.

The summons issued to the First National Bank of Alvin in Alvin, Texas, shall be enforced and obeyed without delay.