**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DAVID PFLUM,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 97-3040
(D.C. No. 96-4105-SAC)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Contending, among other things, that he is not a person liable for or subject to federal income taxes, plaintiff-appellant David Pflum filed three separate petitions in the United States District Court for the District of Kansas attempting to quash three summonses issued to third-party recordkeepers by the Internal Revenue Service (IRS) under the authority of 26 U.S.C. § 7602. One of the summonses was directed to a Kansas financial institution; the other two were directed at financial institutions located in California. Plaintiff argued that he was not afforded proper notice of the issuance of the summonses.

Finding that it lacked subject matter jurisdiction under the provisions of 26 U.S.C. § 7609(c)(2)(B)(i) because the summonses were issued in aid of the collection of an assessed tax liability, the district court dismissed each of plaintiff's petitions with prejudice. We affirm in part and reverse and remand in part.

The IRS may issue a summons to any person having possession, custody, or care of papers relevant to another's tax liability except when the matter has been referred to the Justice Department for criminal prosecution. See 26 U.S.C. § 7602. A proceeding to quash such a summons can be brought in federal district court under the auspices of 26 U.S.C. § 7609(b)(2), with jurisdiction proper in the district where the summoned person resides or is found, see 26 U.S.C. § 7609(h)(1). However, a court has no subject matter jurisdiction over such a

-2-

proceeding if the summons was issued "in aid of the collection of [] the liability of any person against whom an assessment has been made or judgment rendered." 26 U.S.C. § 7609(c)(2)(B)(i).

Finding that each summons represented an attempt to collect on plaintiff's 1989 federal tax liability, the district court concluded that plaintiff's action was barred by 26 U.S.C. § 7609(c)(2)(B)(i). Because the district court concluded that "no district court would have jurisdiction to consider Pflum's petition," it dismissed all three petitions with prejudice for lack of subject matter jurisdiction. See R. tab 15 at 7 n.5. On appeal, petitioner argues that the district court erred in concluding that the summonses were issued only to aid the collection of an assessed tax and that it was further error for the district court to dismiss with prejudice the petitions relative to the summonses directed to the California financial institutions.

We begin by noting that the district court was without jurisdiction to dismiss with prejudice the petitions relative to the California summonses. Section 7609(h)(1) of title 26 of the United States Code states:

> **Jurisdiction.**--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2) [a proceeding to quash] . . . .

This statute is not merely a venue statute, but is jurisdictional in nature. See Deal v. United States, 759 F.2d 442, 443-44 (5th Cir. 1985) (citing Masat v. United

States, 745 F.2d 985 (5th Cir. 1984)).  A dismissal with prejudice "is a complete adjudication of the issues presented by the pleadings."  Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964).  Because the district court was without subject matter jurisdiction to render an adjudication concerning the California summonses, see Deal, 759 F.2d at 443-44; Dennis v. United States, 660 F. Supp. 870, 873 (C.D. Ill. 1987); Maikranz v. United States, 612 F. Supp. 590, 592 (S.D. Ind. 1985); Dial v. United States, 599 F. Supp. 475, 476 (S.D. Tex. 1984); Bilodeau v. United States, 577 F Supp. 234, 235 (D. N.H. 1983), the court's dismissal with prejudice of plaintiff's petitions regarding the California summonses is void. See United States v. 51 Pieces of Real Property, Roswell, N. M., 17 F.3d 1306, 1309 (10th Cir. 1994); see also V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir. 1979).  While we are sensitive to the effort by the district court to serve the ends of judicial efficiency, it must be kept in mind that "[t]he jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties," American Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951).  We therefore reverse the district court's dismissal with prejudice of the petitions relative to the California summonses and remand with instructions to dismiss those petitions without prejudice.

Turning to the merits of the petition to quash the Kansas summons, plaintiff attempts to establish that the exception to jurisdiction of § 7609(c)(2)(B)(i) does

not apply to him.  In so doing, he quotes language from the House Report pertaining to that statute to the effect that the exception to district court jurisdiction over motions to quash applies only when the summons is issued "<u>solely</u> for the purposes of collection."  Appellant's Br. at 10.  The word "solely," however, did not survive the legislative process and is not contained in the statute, which provides simply that proceedings to quash are not authorized if a summons is "in aid of the collection of [] the liability of any person against whom an assessment has been made or judgment rendered."  26 U.S.C. § 7609(c)(2)(B)(i); <u>see also</u> <u>Patrick v. United States</u>, No. 95-CV-70260, 1995 WL 611602, at *2 (E.D. Mich. Aug. 17, 1995).

The summons served by the IRS states that the recipient must give testimony and provide data "relating to the tax liability <u>or the collection of the tax liability</u> or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  Appellant's App. at 20 (emphasis added).  Further, the agent who caused the summons to be issued testified that she did so in order to aid in the collection of a trust fund recovery penalty assessed against plaintiff in 1989.  R. Doc. 6. Ex. A.  We find no error in the district court's conclusion that the summons here was issued in aid of the collection of plaintiff's delinquent taxes for purposes of 26 U.S.C.

§ 7609(c)(2)(B)(i) and that, therefore, the district court lacked the subject matter jurisdiction necessary to entertain a motion to quash.

Plaintiff's argument based on various provisions of the Internal Revenue Manual is unavailing. Even assuming that some of the provisions cited are mandatory rather than directory, see Rosenberg v. Commissioner, 50 F.2d 529, 531-33 (10th Cir. 1971), and that some right accrues to a taxpayer by virtue of these regulations, the existence of other forms upon which the IRS can issue a summons does not change the fact that the summons issued here includes, as one of its purposes, aid in the collection of an assessed tax liability. The fact that the agent checked the box on the summons indicating that "[n]o notice is required" satisfies the requirements noted by plaintiff.

The judgment of the United States District Court for the District of Kansas is AFFIRMED with regard to the petition to quash the summons served on the Kansas entity and REVERSED with regard to the remaining petitions. This case is REMANDED with instructions to dismiss the remaining petitions without prejudice.

Entered for the Court

Robert H. Henry
Circuit Judge