Marvin BARMES and Barbara Barmes, Petitioners–Appellants,

v.

UNITED STATES of America, Respondent–Appellee.

No. 98–4182.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 15, 1999.*

Decided Dec. 2, 1999.

---

* Marvin Barmes and Barbara Barmes expressly waived oral argument. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a), (f).

Marvin L. Barmes, Barbara J. Barmes, Vincennes, IN, pro se.

Charles E. Brookhart (submitted), Department of Justice, Tax Division, Appellate Section, Washington, DC, Michael C. Carr, Office of the United States Attorney, Benton, IL, for respondent-appellee.

Before BAUER, COFFEY, and MANION, Circuit Judges.

PER CURIAM.

Marvin and Barbara Barmes (the "Barmeses") petitioned the district court to quash an Internal Revenue Service ("IRS") summons served on a bank where they have signature authority over a trust account. The district court granted the government's motion to dismiss. The Barmeses appeal, arguing that the district court erred in dismissing their petition because I.R.C. § 7609 gives them the right to move to quash the summons. We affirm.

## BACKGROUND

The IRS assessed payroll taxes, penalties and interest in excess of $300,000 against the Marvin L. Barmes and Barbara J. Barmes Partnership, d/b/a Barbara's Gift Shop, for the period March 31, 1996 through June 30, 1997. While trying to collect, the IRS discovered that the Barmeses, general partners in the partnership, had engaged in financial transactions at the Community Bank & Trust ("Community Bank") in Lawrenceville, Illinois. In May 1998, the IRS served Community Bank with a form summons for records relating to a trust account controlled by the Barmeses. The summons identifies the underlying inquiry as the "Marvin–Barbara Barmeses, d/b/a Barbara's Gift Shop," and directs Community Bank to produce specific documents "relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning" the Barmeses.

Community Bank notified the Barmeses about the summons. They filed a petition

to quash, arguing that the summons was deficient and the service defective. The government responded by moving to dismiss the petition, contending that under I.R.C. § 7609(c)(2) the Barmeses could not seek to quash a summons that the IRS had directed at a third-party record holder in an effort to collect previously-assessed tax liabilities. The district court agreed and dismissed the petition. The Barmeses timely filed a notice of appeal.

## ANALYSIS

■ We begin with the fundamental premise that the United States cannot be sued unless by statute Congress has expressly and unequivocally waived the government's sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). An action to quash an IRS summons is a suit against the United States, *cf. McMillen v. United States Department of Treasury*, 960 F.2d 187, 188 (1st Cir.1991) (waiver of sovereign immunity required to sue over IRS actions), and the Barmeses argue that § 7609 gives them the right to petition to quash the summons served on Community Bank. As a general rule, § 7609 requires the IRS to serve anyone whose financial records are sought in a third-party summons with a notice copy of the summons. I.R.C. § 7609(a)(1). Persons entitled to such notice may then petition a district court to quash the summons. I.R.C. § 7609(b)(2). One of the exceptions to the general rule is that notice is not required when a third-party summons is "issued in the aid of the collection of ... an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." I.R.C. § 7609(c)(2)(D). And, if notice is not mandated, neither is a petition to quash authorized. I.R.C. § 7609(b)(2)(A). The government argues that the summons served on Community Bank fits within the "aid of the collection of an assessment" exception. The Barmeses disagree because, in their view, the summons was not solely intended

to aid in the collection of a tax assessment, but was also for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws."

■ The Barmeses rest their argument on a *selective reading of the statute's legislative history*. As they accurately note, an explanation that the notification procedure "will not apply in the case of a summons used solely for purposes of the collection" appears in both the Senate and House Reports to the bill that established the notification provision. S. Rep. No. 94–938(I), at 371 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3439, 3800; H.R. Rep. No. 94–658, at 310 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3206. The preprinted language on the form summons issued to Community Bank explains that it relates to a collection matter, or to an inquiry into possible violations of the Internal Revenue laws. Relying on the House and Senate reports, the Barmeses contend that such a *dual purpose summons cannot fall within the notice exception for a summons issued in "aid of the collection of an assessment."* But the Barmeses overlook the fact that throughout both reports, in more detailed discussions of the applicability of the notification procedure, the exception is not limited to instances where the sole purpose of the summons is to aid in the collection of an assessment. S. Rep. No. 94–938(I), at 371–72 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3439, 3801; H.R. Rep. No. 94–658, at 310 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3206. For example, both reports state that when the IRS serves a summons on a bank to determine if a taxpayer has sufficient assets in an account to cover his assessed tax liability, the IRS does not have to notify the taxpayer. S. Rep. No. 94–938(I), at 371–72 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3439, 3801; H.R. Rep. No. 94–658, at 310 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3206. Neither report limits this bank summons exception to instances where the summons' sole purpose is to aid

in the collection of an assessment. S. Rep. No. 94–938(I), at 371–72 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3439, 3801; H.R. Rep. No. 94–658, at 310 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3206. Thus, in spite of the Barmeses' assertion, we conclude that the legislative history does not lend support for their argument that "solely" must be read into the statute.

The extent of notice required by § 7609 presents an issue of first impression in this circuit, but we are not without guidance. In *Pflum v. United States*, No. 97–3040, 1997 WL 606909 (10th Cir. Oct. 02, 1997),[1] a petitioner seeking to quash a summons issued to his bank raised the identical legislative history argument that the Barmeses advance. *Pflum*, 1997 WL 606909, at *2. As in this case, the third-party summons served on the bank was a form document with preprinted language demanding the production of records relating to the tax liability or for the purpose of enforcing the Internal Revenue laws. The Tenth Circuit, the only circuit to have addressed the § 7609 notification issue, concluded that the district court had properly dismissed the petition to quash because the word "solely" does not appear anywhere in § 7609(c)(2)(D). The *Pflum* court also found significant that an IRS agent had testified that the summons was issued to aid in collection of the petitioner's tax liabilities, notwithstanding the seemingly more expansive purpose given in the form document. So too here, the form summons the IRS served on Community Bank includes purposes other than aiding in the collection of an assessment. However, along with its motion to dismiss the government submitted the affidavit of an IRS agent averring that the summons served on Community Bank had been issued to aid in the collection of the payroll taxes assessed against the Barmeses' partnership.

■ Furthermore, a particular section or sentence of a statute must be interpreted in the context of related sections and the purpose of the statute as a whole. *Grammatico v. United States*, 109 F.3d 1198, 1204 (7th Cir.1997). In another exception to the general requirement of notice, the statute expressly provides that notice is unnecessary as to "any summons ... issued *solely* to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A)." I.R.C. § 7609(c)(2)(C) (emphasis added). Different language in separate clauses in a statute indicates Congress intended distinct meanings. *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994); *cf. Taracorp, Inc. v. NL Indus., Inc.*, 73 F.3d 738, 744 (7th Cir.1996). If Congress had wanted to similarly limit the notice exception in the case of a summons issued to aid in collection, it would have inserted the word "solely" into § 7609(c)(2)(D). Moreover, Congress created the "aid of the collection of an assessment" notice exception so as not to frustrate attempts by the IRS to collect tax liabilities. S. Rep. No. 94–938(I), at 371–72 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3439, 3801; H.R. Rep. No. 94–658, at 310 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3206. Legislators were concerned that giving notice of a third-party summons to the taxpayer would allow him to withdraw the funds in his accounts before the summons could be enforced. Consequently, interpreting § 7609(c)(2)(D) in light of the statute's other provisions and its purpose, we must conclude that the notice exception applies to every summons issued to aid in collection even if that is not the exclusive purpose. Thus, the district court did not err in dismissing the Barmeses petition because § 7609 does not give them the right to quash the summons.

■ The Barmeses also argue that the IRS cannot use § 7609(c)(2)(D) as a shield

---

1. The Tenth Circuit permits the citation of an unpublished opinion if the opinion has persuasive value on a material issue. 10th Cir. R. 36.3(B).

because the IRS issued the payroll tax assessment against the Marvin L. Barmes and Barbara J. Barmes Partnership, d/b/a Barbara's Gift Shop, not against them individually. They assert that the "aid of the collection of an assessment" exception relieves the IRS from providing notice only when the subject of a third-party summons is the same taxpayer the IRS has assessed. The issue then is whether the IRS must notify the account holder if it attempts to collect an assessment by serving a summons on a third-party regarding the account of someone other than the taxpayer named in the assessment. This presents another issue of first impression for us, but again we are guided by a relevant decision from the Tenth Circuit. In *Davidson v. United States*, No. 97–1244, 1998 WL 339541 (10th Cir. June 9, 1998), the IRS served a summons on Davidson's bank to aid in the collection of a tax liability assessed against her husband. Davidson petitioned to quash the summons, and the district court dismissed. On appeal, Davidson argued, as do the Barmeses, that the district court construed the "aid of the collection of an assessment" exception too broadly because she herself had no tax liability and the account was in her name alone. The Tenth Circuit affirmed the dismissal, ruling that because the summons was issued in aid of the collection of an assessed tax liability, Davidson was not entitled to notice and, thus, did not have the right to petition to quash the summons. *Davidson*, 1998 WL 339541, *2. We agree with the Tenth Circuit that as long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies. Consequently, the IRS did not have to notify the Barmeses regarding the summons served on Community Bank.

Finally, because they insist that their partnership was dissolved before 1996, the Barmeses argue that they cannot be held liable as general partners for payroll taxes assessed in 1996 and 1997. Because we have determined that the Barmeses had no right to petition the district court to quash the summons, this argument is not properly before us. Additionally, the Tax Anti–Injunction Act expressly prohibits the Barmeses from bringing this challenge to the assessment or collection of their tax liability. I.R.C. § 7241(a). Under our broad construction of § 7241, courts may not grant relief that would interfere with the tax collection process. *United States v. First Family Mortgage Corp.*, 739 F.2d 1275, 1278 (7th Cir. 1984).

## CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.