Arthur R. OLIVA, Petitioner,

v.

UNITED STATES of America, Internal Revenue Service, Allan Chow, First Hawaiian Bank, Respondents.

No. CV03–00409 DAE–LEK.

United States District Court, D. Hawai'i.

Dec. 9, 2003.

Arthur R. Oliva, Kailua, HI, for Plaintiff.

Rachel S. Moriyama, Office of the United States Attorney, Honolulu, HI, Keith S. Blair, US Department of Justice, Washington, DC, David L. Monroy, William S. Bailey, Kobayashi Sugita & Goda, Honolulu, HI, for Defendants.

*ORDER GRANTING RESPONDENT UNITED STATES OF AMERICA'S MOTION TO DISMISS; ORDER GRANTING RESPONDENT FIRST HAWAIIAN BANK'S MOTION TO DISMISS; ORDER DENYING PETITIONER'S MOTION FOR DECLARATORY JUDGMENT; ORDER DENYING PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS*

DAVID ALAN EZRA, Chief Judge.

The court heard the motions on November 17, 2003. Arthur Oliva appeared at the hearing *pro se;* Department of Justice Trial Attorney Keith Blair appeared on behalf of the United States; David L. Monroy, Esq., and William S. Bailey, Esq., appeared on behalf of Respondent First Hawaiian Bank. After reviewing the motions and the supporting and opposing memoranda, the court GRANTS Respondent United States' Motion To Dismiss and GRANTS Respondent First Hawaiian Bank's Motion To Dismiss. The court DENIES Petitioner's Motion for Declaratory Judgment and Motion for Judgment on the Pleadings.

## BACKGROUND

### A. FACTUAL BACKGROUND

The Internal Revenue Service ("IRS") is currently conducting an investigation of Petitioner Arthur Oliva's ("Oliva") tax liabilities for the periods of 1997, 1998, and 1999. The Revenue Agent that is assigned to this investigation is Allan Chow ("Chow"). On June 25, 2003, Chow issued an administrative summons to First Hawaiian Bank ("FHB") regarding the Oliva matter. This summons included the notation: " *'Note: Under IRC § 7609, this summons is exempt from the notice requirements pertaining to third party summonses.'* " FHB Motion To Dismiss Petition To Quash Third Party Summons and First Amended Petition To Quash Third Party Summons ("FHB Motion To Dismiss"), at 3 (underlining in original).

On July 8 2003, the IRS issued a second summons to FHB regarding the Oliva matter. This summons contained the same notation as the first summons. Both of the summonses stated that FHB should produce records relating to

> "the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws . . . ."

FHB's Motion To Dismiss, at 5, *quoting* First Summons and Second Summons. Oliva filed a Petition To Quash Third–Party Summons on July 28, 2003 ("Petition To Quash"). On August 1, 2003, Petitioner filed a First Amended Petition To Quash Third Party Summons ("First Amended Petition"). In essence, Petitioner claims that Chow was not acting within his authority when he issued the summons. Moreover, Petitioner alleges that FHB had a duty" to ascertain who defendant Chow and his supervisor [we]re and the bounds of their authority." Petition To Quash, at 6.

### B. PROCEDURAL BACKGROUND

On September 12, 2003, Respondent United States filed a Motion To Dismiss ("United States' Motion To Dismiss"). Petitioner filed a Motion To Strike United States' Motion To Dismiss on September 25, 2003 ("Oliva's Opposition to United States' Motion"). Also on September 25, 2003, Petitioner filed a Motion for Declaratory Judgment. FHB filed a Motion To Dismiss Petition To Quash Third Party Summons and First Amended Petition To Quash Third Party Summons ("FHB Motion To Dismiss") on October 6, 2003. On October 21, 2003, Petitioner filed a Motion To Strike or in the Alternative Deny Defendant First Hawaiian Bank's Motion To Dismiss ("Oliva's Opposition to FHB's Motion"). The

United States filed an Opposition to Motion for Declaratory Judgment on October 21, 2003. On October 31, 2003, FHB filed a Memorandum in Opposition to Petitioner's Motion for Declaratory Judgment ("FHB Opposition to Motion for Declaratory Judgment"). Petitioner filed a Motion for Judgment on the Pleadings on October 31, 2003. Also on October 31, 2003, FHB filed a Memorandum in Opposition to Petitioner's Opposition to FHB's Motion ("FHB's Reply"). Petitioner filed a Response to FHB's Reply on November 14, 2003 ("Oliva's Response to FHB's Reply"). On November 14, 2003, Petitioner also filed a Response to United States' Opposition to Motion for Declaratory Judgment and a Response to FHB's Memorandum in Opposition to Petitioner's Motion for Declaratory Judgment.

## STANDARD OF REVIEW

Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP") allows the consideration at the pre-trial stage of any defense, objection, or request "which is capable of determination without the trial of the general issue." A motion to dismiss is generally "capable of determination before trial if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir.1986). Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not "invade the province of the ultimate finder of fact." *Id.* (internal quotations and citations omitted).

In a motion to dismiss for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proof that jurisdiction exists. *Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corporation,* 594 F.2d 730, 733 (9th Cir.1979).

A motion to dismiss pursuant to Rule 12(b)(6) will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the purposes of a 12(b)(6) motion, "[r]eview is limited to the contents of the complaint."

*Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir.1994).

A complaint should not be dismissed " 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief.' " *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992) (quoting *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1989) (further citations omitted)). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See id.* Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim. *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir.1994).

## DISCUSSION

### A. RESPONDENT UNITED STATES' MOTION TO DISMISS

In arguing that this court should dismiss Oliva's Petition To Quash, the United States first argues that Defendants Chow and the IRS are not proper defendants in this matter. With regard to Defendant Chow, this court recognizes the well-established principle that a suit against a federal officer in his official capacity is barred by the doctrine of sovereign immunity. *See e.g., Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985) (explaining that the doctrine of sovereign immunity bars suits against IRS agents acting in their official capacities). The petitioner alleges that the doctrine of sovereign immunity does not apply in this case because Petitioner is not suing for damages. However, the doctrine of sovereign immunity bars both equitable and legal remedies against the United States, unless the United States has consented to suit. *See e.g. Midwest Growers Co-op. Corp. v. Kirkemo,* 533 F.2d 455, 465 (9th Cir.1976) (declining to grant injunction against United States and its agencies because of doctrine of sovereign immunity). Consequently, the court concludes that Chow is not a proper party in this matter.

In addition, the court finds that the IRS is also an improper party because Congress has not authorized suit against it. *See*

*e.g. Castleberry v. Alcohol, Tobacco and Firearms Division,* 530 F.2d 672, 673 n. 3 (5th Cir.1976) (stating that Congress has not authorized suits against the Department of the Treasury or any of its divisions or branches).

 The United States additionally argues that this court does not have subject matter jurisdiction over this claim. As stated above, the doctrine of sovereign immunity bars suits against the United States, unless the United States has consented to suit by statute. *See e.g. United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The burden of demonstrating that the United States has waived immunity rests with the Petitioner. *Baker v. United States,* 817 F.2d 560, 562 (9th Cir.1987). In this case, Petitioner has offered no evidence to demonstrate that the United States has waived its sovereign immunity with regard to suits such as Petitioner's claim.

In fact, as the United States points out, Section 7609 of the Internal Revenue Code establishes notice requirements and rights for individuals to petition to quash an IRS summons in certain circumstances. Section 7609(c) explains that these notice requirements and petition rights do not apply to all summonses. The Seventh Circuit has determined that under Section 7609(c)(2)(D), "[A]s long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies." *Barmes v. United States,* 199 F.3d 386, 390 (7th Cir.1999) (per curiam). Consequently, this court concludes that the United States has not waived its sovereign immunity this case. Since no jurisdictional basis exists for this suit, this court GRANTS the United States' Motion To Dismiss. As a result, Petitioner's Motion To Strike United States' Motion To Dismiss is DENIED.

## B. RESPONDENT FHB'S MOTION TO DISMISS

 Respondent FHB similarly requests that this court dismiss Petitioner's Motion To Quash for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). As stated above, under Section 7609(c)(2)(D), the notice requirements and petition rights guaranteed in this Section do not apply to any summons

issued in aid of the collection of "an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i) (2000). Consequently, the court concludes that it lacks jurisdiction in this matter.

 In addition, the court concludes that Petitioner has failed to state a claim upon which relief can be granted with regard to Petitioner's claim that FHB is liable to him for damages. Petitioner asserts this claim because of his belief that FHB failed to "ascertain who defendant Chow and his supervisor [we]re and the bounds of their authority and failed to make such determination." Petition To Quash, at 8. As FHB argues, the Internal Revenue Code provides the Secretary of the Treasury with the ability to issue summonses, and includes delegates of the Secretary in its definition of "Secretary". 26 U.S.C. § 7602(a)(2) (2000); 26 U.S.C. § 7701(a)(11)(B) (2000). Moreover, this section of the Code defines a "delegate" as "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority." 26 U.S.C. § 7701(a)(12)(A)(i) (2000). The Commissioner of Revenue has delegated the authority to issue summonses to Revenue Officers. *Rude v. Brown,* 1997 WL 1038220, *5 (E.D.Cal. Nov.7, 1997) (explaining that the Commissioner of Revenue has delegated this task under IRS Delegation Order No. 4 (Rev.20), 1990 WL 145562). Consequently, this court concludes that FHB had no duty under law to inquire as to who Revenue Officer Chow was or the bounds of his authority. The court GRANTS FHB's Motion To Dismiss. As a result, Petitioner's Motion To Strike FHB's Motion To Dismiss is DENIED.

## C. PETITIONER'S MOTIONS FOR DECLARATORY JUDGMENT AND JUDGMENT ON THE PLEADINGS

As this court has granted Respondent United States' Motion To Dismiss and Respondent FHB's Motion To Dismiss, the court deems that Petitioner's Motions for

Declaratory Judgment and Judgment on the Pleadings are moot.

## CONCLUSION

For the reasons stated above, the court GRANTS Respondent United States' Motion To Dismiss and GRANTS Respondent First Hawaiian Bank's Motion To Dismiss. The court DENIES Petitioner's Motion for Declaratory Judgment and Motion for Judgment on the Pleadings.

IT IS SO ORDERED.