**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANILO MALLARI,

              Plaintiff-Appellant,

v.

TRACY VESSIGAULT; et al.,

              Defendants-Appellees.

No. 14-16613

D.C. No. 4:13-cv-04038-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

    Danilo Mallari appeals pro se from the district court's order dismissing his

42 U.S.C. § 1983 action alleging federal and state law violations in connection

with the revocation of his company's home health care agency license. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Harkonen v. U.S. Dep't*

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of Justice*, 800 F.3d 1143, 1148 (9th Cir. 2015) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1103-04 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(1)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Mallari's negligence and intentional infliction of emotional distress claims because Mallari failed to allege facts sufficient to state plausible claims. *See Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996) (claim for intentional infliction of emotional distress under California law requires *inter alia* "extreme and outrageous conduct by the defendant" (citation and internal quotation marks omitted)); *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The district court dismissed Mallari's § 1983 claim for lack of standing because Mallari failed to allege that he was injured directly and independently of Medhealth Nursing, LLC ("Medhealth"). However, in the Second Amended Complaint, Mallari alleged that defendants' conduct violated his own Fourteenth Amendment rights. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002) (shareholders of corporation alleged personal injury sufficient to confer § 1983 standing because they alleged violations of their own Fourteenth

Amendment rights); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318-19 (9th Cir. 1989) (shareholder of corporation had § 1983 standing to bring First Amendment claim because the right that was allegedly violated belonged to the shareholder). Accordingly, we reverse the district court's dismissal of the § 1983 claim for lack of standing, and remand for further proceedings as to that claim only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, REMANDED.**