NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH NGO, KNT-INC., KNT ENGINEERING, INC., and K-BEAM, LLC, <br><br> Petitioners - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent – Appellee. | No. 15-16473 <br><br> D.C. No. 4:15-mc-80008-YGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before: SCHROEDERR and RAWLINSON Circuit Judges, and DRAIN,** District Judge.

Appellants Keith Ngo, KNT-Inc., KNT Engineering, Inc., and K-Beam, LLC, appeal the district court's order denying Appellants' motion to quash and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

granting the Appellee United States of America's motion to enforce an administrative summons, issued without notice, to East West Bank, requesting financial records for accounts in the Appellants' names. We have jurisdiction pursuant to 28 U.S.C. § 1291.

1. An IRS summons may be quashed when the IRS has not acted in "good faith." *United States v. Richey*, 632 F.3d 559, 564 (9th Cir. 2011). The Government has the burden to show that the summons (1) was issued for a legitimate purpose, (2) the records and testimony sought by the summons are relevant to that purpose, (3) the records are not already in the possession of the IRS, and (4) the administrative steps required by the Code have been followed. *United States v. Clarke*, 134 S. Ct. 2361, 2365 (2014) (quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). An IRS agent's sworn declaration demonstrating the *Powell* factors have been met is generally sufficient to show "good faith." *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985). When the Government sets forth a prima facie case, the petitioner bears the "heavy burden" of alleging "specific facts and evidence" supporting its allegations of bad faith. *Id.*

2. Here, the Government met its prima facie burden under *Powell*, through the declaration of Internal Revenue Service Officer Nicholas Brunetti. The

2

declaration established that the summons was issued for the legitimate purpose of investigating Hoang Ngo's earnings and assets and to determine if any of the Appellants were his transferee, alter ego or nominee. The records sought are relevant to the collection of Hoang Ngo's outstanding tax liability. The IRS did not already have possession of the summoned records. Lastly, all of the required administrative steps were taken since the Appellants were not entitled to notice of the summons.

3. Generally, notice must be given to the parties whose records are summoned to avoid improper disclosure of records held by third-parties. *See* 26 U.S.C. § 7609. The exceptions to the general notice requirement that are relevant to the instant appeal are found in 26 U.S.C. § 7609(c)(2)(D) and state that no notice is required for a summons "issued in aid of the collection of—(i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued; or (ii) the liability of . . . any transferee or fiduciary of any person referred to in clause (i)." 26 U.S.C. § 7609(c)(2)(D).

4. A third party is not entitled to notice that his records have been summoned by the IRS if the third party is a fiduciary or transferee of an assessed taxpayer, or the assessed taxpayer had "some legal interest or title in the object of the summons." *Ip v. United States*, 205 F.3d 1168, 1173, 1175 (9th Cir. 2000). To

3

determine whether a taxpayer has a sufficient legal interest in the summoned records, courts should consider "whether there was an employment, agency, or ownership relationship between the taxpayer and the third party." *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1106 (9th Cir. 2011).

5. Here, Hoang Ngo was the 100 % owner of KNT, Inc., in 2012 and an officer and employee of KNT, Inc., until sometime in 2014. Appellants' suggestion that Hoang Ngo was required to have a "present connection" and "ownership interest" in KNT, Inc. finds no support in the law. In *Viewtech*, the IRS issued its administrative summons in 2009 even though the evidence it possessed concerning the assessed taxpayer included his ownership and employment status in the years 2007 and 2008. *Id.* at 1103. Nonetheless, the *Viewtech* court concluded that there was a "close legal relationship" between the assessed taxpayer and Viewtech's summoned bank records to invoke the notice exception of § 7609. *Id*. at 1106.

6. As to KNT Engineering, the evidence uncovered by the IRS demonstrated that Hoang Ngo was the 100% owner in 2012, and that KNT Engineering had paid him more than $194,000 in income that year. Moreover, Keith Ngo has admitted that Hoang Ngo was a corporate officer of KNT Engineering as late as 2013. Therefore, KNT Engineering was likewise not entitled to notice pursuant to the clause (i) exception because of the close legal

4

relationship between it and Hoang Ngo.

7.      As to K-Beam, LLC, the IRS's investigation revealed that Hoang Ngo was either a member or manager of K-Beam, LLC pursuant to a "Statement of Information" filed with the Secretary of State in November of 2013. A manager is an agent under California law, *see* Cal. Corp. Code § 17703.01(a), thus Hoang Ngo had a sufficient legal interest in K-Beam, LLC under the clause (i) exception to preclude notice of the summons.

8.      There is no merit to Appellants' contention that in order for the clause (ii) exception to apply, a determination of transferee liability is required.  Neither *Ip* nor *Viewtech* suggest that a determination of transferee liability must have been made before clause (ii)'s notice exception may be relied upon by the IRS. Appellants have admitted that Hoang Ngo transferred money into Keith Ngo's account.  Thus, the clause (ii) exception applied to Keith Ngo.

9.      Lastly, Appellants failed to meet their "heavy burden" with "specific facts and evidence" that the summons was issued in bad faith or for an improper purpose.  For all of the above reasons, the district court properly denied Appellants' motion to quash and granted the Appellee's motion to enforce the summons issued to East West Bank.

**AFFIRMED.**