**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NICOLE VENTO MOLLISON,
            *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
            *Defendant-Appellee.*

No. 07-16035

D.C. No.
CV-06-00725-HDM

OPINION

RICHARD VENTO,
            *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
            *Defendant-Appellee.*

No. 07-16048

D.C. No.
CV-06-00722-
HDM/RAM

NICOLE VENTO MOLLISON,
            *Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,
            *Respondent-Appellee.*

No. 07-16070

D.C. No.
CV-06-00726-HDM

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted March 11, 2009*
San Francisco, California

Filed June 15, 2009

Before: Sidney R. Thomas and Jay S. Bybee, Circuit Judges,
and Roger T. Benitez,** District Judge.

Opinion by Judge Thomas

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

**COUNSEL**

Edward Robbins, Jr. and Heather K. Lee, Hochman, Salkin, Rettig, Toscher & Perez, P.C., Beverly Hills, California, for the appellants.

Andrea R. Tebbets and Ivan C. Dale, United States Department of Justice, Washington, D.C., for the appellees.

**OPINION**

THOMAS, Circuit Judge:

This appeal presents the question of whether the district court had jurisdiction over a motion to quash a third-party summons issued by the United States Internal Revenue Service ("IRS") served on the United States more than twenty days after the notice of summons was issued. We conclude that, although a party filing a motion to quash must commence a proceeding to quash the summons within twenty days after the notice is given, the party is permitted 120 days to serve the motion on the United States.

I

Richard Vento and his daughter Nicole Vento Mollison ("the Ventos") have claimed residency in the United States

Virgin Islands since 2001. They filed income tax returns only with the Virgin Islands Bureau of Internal Revenue and not with the IRS from 2002-2004. IRS Agent Jackie Moss conducted an investigation into the Ventos' tax liabilities for those years, and she sent summonses to three entities in Incline Village, Nevada, seeking information about the Ventos. Moss sent notice of the summonses to the Ventos on December 8, 2006, in accordance with 26 U.S.C. § 7609(a)(1). The Ventos subsequently: (1) filed petitions to quash the summonses in the District Court for the District of Nevada on December 27, 2006; (2) mailed each petition by registered or certified mail to the person summoned and the IRS agent whose name and address were shown on the face of the summonses on or before December 28, 2006; and (3) mailed the petitions to the United States Attorney's Office for the District of Nevada on January 4, 2007.

The government filed motions to dismiss the petitions arguing that the Ventos failed to serve the petitions on the United States within twenty days of receiving notice of the summonses as required by § 7609(b)(2)(B). The Ventos contended that, under Federal Rule of Civil Procedure 4(m), they only needed to serve the United States within 120 days.[1] The district court found that the Secretary of the Treasury directed service on the United States in the notice of the summonses, and that the Ventos were therefore required to serve the United States within twenty days. Because the Ventos failed to do so, the district court held that it lacked jurisdiction to consider the claims and granted each of the government's motions to dismiss. We review questions of subject-matter jurisdiction and statutory interpretation de novo. *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985).

---

[1]The government concedes that the Ventos did properly serve the United States within 120 days of filing the petitions to quash.

## II

Although the government urged the district court to dismiss for lack of jurisdiction for failure to timely serve the petition, it concedes on appeal that its position was mistaken. The government now agrees that the only persons to whom a petition to quash a third-party summons must be mailed within twenty days of the notice of the summons are the summoned person and the IRS officer named on the face of the summons. The government concedes that, under the appropriate reading of the governing statute and rules, service of the petition upon the United States is not subject to the twenty day rule, but can be accomplished within 120 days of the notice of summons.

We agree with the parties' construction. However, to explain the underlying rationale, some background discussion is appropriate.

**[1]** The IRS has broad investigatory powers to determine tax liability. *See* 28 U.S.C. §§ 7601-7610. One such power is the authority:

> [t]o summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry[.]

26 U.S.C. § 7602(a)(2).

**[2]** The target of the investigation "shall have the right to begin a proceeding to quash such summons not later than the

20th day after the day such notice is given . . . .” 26 U.S.C. § 7609(b)(2)(A). When a person begins a proceeding to quash a third-party summons, “such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).” 26 U.S.C. § 7609(b)(2)(B).

Section 7609(b)(2) constitutes the government’s consent to waive sovereign immunity and subject itself to a legal challenge in court. “Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.” *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted). “[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.” *Soriano v. United States*, 352 U.S. 270, 276 (1957).

**[3]** In conducting our analysis, “[w]e start, as we must, with the language of the statute.” *Bailey v. United States*, 516 U.S. 137, 144 (1995). Here, the statute specifically directs a petitioner, within twenty days of receiving notice of a summons, to “mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).” 26 U.S.C. § 7609(b)(2)(B). The question in this case then is whether the United States qualifies as “such office as the Secretary may direct.”

**[4]** The form identified in § 7609(b)(2)(B) is IRS Form 2039. *See* I.R.S. Manual 25.5.3.2, *available at* http://www.irs.gov/irm/part25/ch05s03.html. Form 2039 explains the necessary procedures to follow in order to file a petition to quash an IRS summons. The relevant portion of Form 2039 states:

9.    Your petition must be served upon the appropri-
      ate parties, including the United States, as
      required by Federal Rule of Civil Procedure 4.

10.   At the same time you filed your petition with
      the court, you must mail a copy of your peti-
      tion by certified or registered mail to the per-
      son summoned and to the IRS. Mail the copy
      for the IRS to the officer whose name and
      address are shown on the face of this summons.
      See 7609(b)(2)(B).

Only Paragraph 10 references § 7609(b)(2)(B), and that para-
graph deals with *mailing* a copy of the petition to the person
summoned and the IRS officer shown on the face of the sum-
mons. The United States, however, is never mentioned.
Instead, the United States is mentioned in Paragraph 9, which
deals with *serving* the petition upon the United States "as
required by Federal Rule of Civil Procedure 4." Federal Rule
of Civil Procedure 4(i) outlines the requirements for serving
the United States, and Federal Rule of Civil Procedure 4(m)
provides for a 120 day period within which to serve a party,
including the United States.

[5] The logical reading of the plain language then is that a
petitioner must *mail* the petition to quash to the third-party
identified in the summons and to the IRS officer shown on the
face of the summons within twenty days, and she must *serve*
the United States within 120 days as required by Rule 4(m).
This conclusion is strengthened by the applicable treasury
regulations and the legislative history for § 7609. The Trea-
sury Regulations provide that:

    In order to institute a proceeding to quash a sum-
    mons the notified person . . . must, not later than the
    20th day following the day the notice of the sum-
    mons was served on or mailed to such notified per-
    son:

(i)   File a petition to quash in the name of the noti-fied person in a district court having jurisdiction,

(ii)   Notify the Service by sending a copy of that petition by registered or certified mail to the Service employee and office designated to receive the copy in the notice of summons that was given to the noti-fied person, and

(iii)   Notify the recordkeeper by sending to that recordkeeper by registered or certified mail a copy of the petition.

26 C.F.R. § 301.7609-3(b)(2)(i)-(iii).[2]

The Treasury Department does not reference the United States in the step-by-step directions it implemented regarding petitions to quash third-party summonses.

Additionally, in passing the Tax Reform Act of 1976, Congress stated that it

---

[2]26 C.F.R. § 301.7609-3(b)(2) was slightly altered and moved to 26 C.F.R. § 301.7609-4(b)(2) on April 30, 2008. It now states:

To institute a proceeding to quash a summons, a person entitled to notice of the summons must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person—

(i) File a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court;

(ii) Notify the Internal Revenue Service (IRS) by sending a copy of that petition to quash by registered or certified mail to the IRS employee and office designated in the notice of summons to receive the copy; and

(iii) Notify the summoned person by sending by registered or certified mail a copy of the petition to quash to the summoned person.

> expects that the [IRS] will prepare a summary of the noticee's rights under these provisions in layman's language, and that a copy of this summary will be enclosed with each copy of the certified notice, so that taxpayers and other noticees will not lose their right to intervention due to inadvertence or ignorance of their rights.

S. Rep. No. 94-938, at 369 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3439, 3799.

It would take a strained reading of the statute and supporting documents to find the requirement to serve the United States within twenty days in any language, let alone "layman's language" that a taxpayer is supposed to be able to read and understand so she does not "lose [her] right to intervention due to inadvertence or ignorance of [her] rights."

**[6]** Congress could have required a petitioner to mail the petition to the United States within twenty days if it wished, but did not do so. The plain language of the statute, the legislative history, and the implementing regulations are in accord that the only persons to whom a petition to quash a third-party summons must be mailed within twenty days of the notice of the summons are the summoned person and the IRS officer named on the face of the summons. Under the appropriate reading of the governing statute and rules, service of the petition upon the United States is not subject to the twenty day rule, but can be accomplished within 120 days of the notice of summons, as required by Federal Rule of Civil Procedure 4(m).

**[7]** The Ventos properly mailed the petitions to Moss and the third-parties within twenty days, and they served the United States within 120 days. The district court therefore had jurisdiction to consider the Ventos' claims. Thus, pursuant to the joint request of the parties, we must reverse the district

court's grant of the government's motion for dismissal for lack of jurisdiction.

**REVERSED AND REMANDED.**