**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEROY JOHN DISSINGER, | No. 12-55128 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-04631-JHN-SS |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Leroy John Dissinger appeals pro se from the district court's order

dismissing without prejudice his petition to quash an Internal Revenue Service

summons issued to a third party in connection with an investigation of his federal

tax liabilities.  We have jurisdiction under 28 U.S.C. § 1291 and 26 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 7609(h)(1). We review for an abuse of discretion the district court's decision regarding the sufficiency of service of process, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002), and its dismissal for failure to complete service in a timely manner, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by dismissing without prejudice Dissinger's petition because, as Dissinger now concedes, he did not effectuate service as required under Federal Rule of Civil Procedure 4, and he failed to provide sufficient reason for not doing so. *See* Fed. R. Civ. P. 4(i), (m) (setting forth the requirements for service on the United States and the 120-day deadline for completing service); *Mollison v. United States*, 568 F.3d 1073, 1077 (9th Cir. 2009) (Rule 4(m) applies to service of a petition under 26 U.S.C. § 7609(b)); *In re Sheehan*, 253 F.3d at 512 (explaining the requirements for showing good cause under Rule 4(m)).

The district court did not abuse its discretion by denying Dissinger's motion for relief under Federal Rule of Civil Procedure 60(b)(1) because Dissinger failed to show excusable neglect. *See Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009) (setting forth the standard of review and factors for determining when neglect is excusable).

Dissinger's contention that the district court erred in rejecting his reply brief as untimely is unsupported by the record.

**AFFIRMED.**