
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN B. RAMIREZ, aka Johnny Rhondo, | No. 14-56604 |
| Plaintiff - Appellant, | D.C. No. 8:14-cv-00581-JLS-AN |
| JUANDA K. ANDERSON; PRO BUSINESS COACH, INC., | MEMORANDUM* |
| Petitioners - Appellants, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted May 13, 2015**

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

John B. Ramirez, aka Johnny Rhondo, and Juanda K. Anderson appeal pro se from the district court's order dismissing for lack of jurisdiction their amended petition to quash Internal Revenue Service (IRS) summonses issued to third-party financial institutions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010), and we affirm.

The district court properly dismissed the petition for lack of jurisdiction because Appellants failed to mail their petition to the summoned financial institutions. *See* 26 U.S.C. § 7609(b)(2)(B) (any person who brings a proceeding to quash a summons "shall mail by registered or certified mail a copy of the petition to the person summoned"); 26 C.F.R. § 301.7609–4(b)(3) ("If a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS . . . , that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding."); *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009) (§ 7609(b)(2) is the government's consent to waive sovereign immunity, and the government's conditions on consent must be strictly observed; courts lack jurisdiction unless claims meet terms of waiver).

We reject Appellants' contentions that they were improperly served with the

14-56604

summonses, and that the district court should have conducted an evidentiary hearing.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellants' motion to consolidate, set forth in their opening brief, is denied.

**AFFIRMED.**