**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEAN ALLEN STEEVES,

          Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA,

          Defendant - Appellee.

No. 24-7086

D.C. No. 3:24-cv-01300-DMS-AHG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted January 22, 2026[**]

Before:    WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

     Dean Allen Steeves appeals pro se from the district court's judgment

denying his motion to quash a summons from the Internal Revenue Service and

granting the IRS's motion to enforce the same summons. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under Federal Rule of Civil Procedure 12(b)(1), *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1103-04 (9th Cir. 2011), *abrogated on other grounds by Polselli v. IRS*, 598 U.S. 432 (2023), and for clear error a district court's summons-enforcement decision, *United States v. Richey*, 632 F.3d 559, 563 (9th Cir. 2011). We affirm.

The district court properly denied Steeves's motion to quash for lack of jurisdiction because Steeves was not entitled to notice of the summons and thus could not seek to quash it. *See* 26 U.S.C. §§ 7609(b)(2)(A) (allowing any person entitled to notice of a third-party summons to bring a proceeding to quash the summons), 7609(c)(2)(A) (stating that § 7609 does not apply to a summons "served on the person with respect to whose liability the summons is issued, or any officer or employee of such person"); *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009) (explaining that § 7609(b)(2) constitutes the government's consent to waive sovereign immunity and that limitations on that consent "must be strictly observed" (citation and internal quotation marks omitted)).

The district court did not clearly err by granting the motion to enforce because the IRS met its burden of establishing its prima facie case for enforcement of the summons, and Steeves failed to rebut that showing. *See Richey*, 632 F.3d at 564 (setting forth requirements for establishing a prima facie case for enforcement and explaining that a taxpayer has a heavy burden to show an abuse of process or

lack of good faith once the IRS makes a prima facie showing).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**